25-2798

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEANDRE MARTELL
Plaintiff-Appellee,

v.

RICHARD HOUCK,
Defendant-Appellant,

and

JULIE WILLIAMS, et al.,
Defendants.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA,
D.C. No. 2:22-cv-00858-RFB-BNW

---

## MOTION TO VACATE DOCKET ENTRY 14.1

---

Respectfully submitted by:
AARON D. FORD
Attorney General
CHRIS DAVIS (Nevada Bar No. 6616)
Senior Deputy Attorney General
Office of the Attorney General, State of Nevada
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-9252 (phone)
cwdavis@ag.nv.gov
*Attorneys for Defendant-Appellant*
*Richard Houck*

## <u>MOTION TO VACATE DOCKET ENTRY 14.1</u>

Defendant-Appellant Richard Houck, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Chris Davis, Senior Deputy Attorney General, hereby moves, pursuant Fed. R. App. P. 27(b), to vacate Docket Entry 14.1.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

On October 31, 2025, the Clerk of Court provided notice (Dkt. Entry 14.1), that the Court has "unsuccessfully attempted to have mail delivered" to "Inmate/Detainee: Richard Houck." The Clerk explained: "Pursuant to G.O. 12.8, this mail is now being forwarded to you to take all reasonable means to effect delivery." Dkt. Entry 14.1 at 1. The Clerk instructed: "Within 14 days of the date of this notice, you are directed to file proof of such efforts with the clerk using the electronic filing type Response to Returned Mail Notice (in ACMS) or Correspondence event (in CM/ECF)." *Id*.

Ninth Circuit General Order 12.8, however, does not apply. General Order 12.8 only applies to "a prisoner in a state or federal institution." Richard Houck, however, was never a prisoner, but an employee of the Nevada Department of Corrections (NDOC), and represented by the undersigned counsel. To the extent the Court intended to refer to Plaintiff-Appellee Leandre Martell, Mr. Martell is no longer in custody. *See* Ex. A. Accordingly, Ninth Circuit Rule 46-3 applies, which requires *pro se* litigants to report changes in address to

1

the Clerk of Court. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that a *pro se* "party . . . bears the burden of keeping the court apprised of any changes in his mailing address"); *see also Taylor v. Warren Cnty. Reg'l Jail*, 960 F.2d 150, 1992 WL 76938, at *2 (6th Cir. 1992) (holding "[p]laintiff had the burden of advising the court and the parties of any change of address"). The reason Mr. Martell is not receiving mail is because he has failed to keep the Court apprised of his address once he was no longer a prisoner, *not* because he is housed at another state institution.

Moreover, because Mr. Martell is no longer a *pro se* prisoner, this Court lacks the power to assist him by requiring Appellant to effect delivery to an address other than that provided to the Court by Mr. Martell. While this Court in *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986) recognized certain "exception[s] should be made for a prisoner unrepresented by counsel," due to the "handicaps detention necessarily imposes upon a litigant," the Court held that other *pro se* litigants "should be treated no differently." The Court reasoned that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record" because it "is not for the trial court to inject itself into the adversary process on behalf of one class of litigant." *Id*. at 1364-65. This Court rejected a rule that "would require [courts] to help one side to a lawsuit rather than another solely because of the status of their legal representation"

2

because "[d]oing so necessarily implicates the court's impartiality and discriminates against opposing parties who do have counsel." *Id.* at 1365 n.7. For that reason, in *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007), this Court held that a "court lacks the power to act as a party's lawyer, even for *pro se* litigants."

Accordingly, Mr. Martell, not Appellant, bears the burden of keeping the court apprised of any changes in Mr. Martell's mailing address, which burden should not be imposed on Appellant.

## CONCLUSION

For the forgoing reasons, this Court should vacate Docket Entry 14.1 directing Appellant to effect delivery of court filings to Mr. Martell.

Respectfully submitted November 14, 2025.

AARON D. FORD
Attorney General

By: */s/ Chris Davis*
    Chris Davis (Bar No. 6616)
    Senior Deputy Attorney General
    *Attorneys for the Defendant-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO VACATE DOCKET ENTRY 14.1** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate electronic filing system on November 14, 2025.

Participants in the case who are registered users will be served by the appellate electronic file system.

I further certify that participants in the case that are not registered users have been served by First-Class Mail, postage prepaid, to:

LeAndre Martell
6077 Chia Avenue
Twentynine Palms, CA 92277

*Plaintiff-Appellee, pro se*

/s/ *Chris Davis*
An employee of the Office of the
Nevada Attorney General

# Exhibit A

# Exhibit A

11/14/25, 6:56 AM

NDOC Inmate Search

**Search By Offender ID**

Offender ID: 1248296

-or-

**Search By Demographics**

First Name: [        ] Wildcard %

Last Name: [        ] Wildcard %

[ Submit ]

**NOTICE:**

The information provided here represents raw data. As such, the Nevada Department of Corrections makes no warranty or guarantee that the data is error free. The information should not be used as an official record by any law enforcement agency or any other entity.

Any questions regarding an inmate, please call Family Services at (775) 977-5707. Any questions regarding the web portal for law enforcement access to inmate information should be referred to Acting PIO Bill Quenga. email: wquenga@doc.nv.gov or (775) 977-5699

Currently the following web browsers are supported for the Inmate Search: Internet Explorer 11, Chrome, Firefox and Opera. If you are unable to view inmate photos, please use a supported browser.

**Download Offender Data**

Demographic, Alias, Booking, Parole, Release

Up to date as of 2025-11-14

### Identification and Demographics

| Name | Offender ID | Gender | Ethnic | Age | Height | Weight | Build | Complexion | Hair | Eyes | Institution | Custody Level | Aliases | Prior Felonies |
|------|-------------|--------|--------|-----|--------|--------|-------|------------|------|------|-------------|---------------|---------|----------------|
| LEANDRE MARTELL | 1248296 | Male | NOT HISPANIC | 37 | 5'8" | 140lb | | | BROWN | BROWN | INACTIVE-DSCHREL | | MAINSTREET, LEANDRE MARTEL, LEE | YES |

### Booking Information

| Offense Code | Offense Description | Sent. Status | Sent. Min | Sent. Max | Sent. PED | Sent. MPR | Sent. County | Sent. PEXD | Sent. Type | Sent. RRD | Sent. Start Date |
|--------------|---------------------|--------------|-----------|-----------|-----------|-----------|--------------|------------|------------|-----------|------------------|
| 3453 | ATT COERCION | Discharged | 0 yr. 12 mo. 0 days | 0 yr. 30 mo. 0 days | 2023-06-01 | | CLARK COUNTY COURTHOUSE | 2022-08-11 | DETERMINATE | | 2021-05-15 |
| 54740 | DOMESTIC BATTERY BY STRANGULATION | Inactive | 0 yr. 12 mo. 0 days | 0 yr. 30 mo. 0 days | 2023-06-01 | | CLARK COUNTY COURTHOUSE | 2022-08-24 | DETERMINATE | | 2021-06-01 |

**Inmate Photo**

### Parole Hearing Details

| Offender Book ID | Parole Hearing Date | Parole Hearing Location |
|------------------|---------------------|-------------------------|
| 199293 | 2022-02-09 | PAROLE BOARD ROOM 101 |